UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

v.

STEVEN LACAJ,

Defendant.

**Order of Restitution**

24 Cr. 362 (VSB)

Upon the application of the United States of America, by its attorney, James M. McDonald, United States Attorney for the Southern District of New York, Adam Hobson, Matthew R. Shahabian, Assistant United States Attorneys, of counsel; the presentence investigation report; the defendant's conviction on Counts One and Four of the Indictment; and all other proceedings in this case, it is hereby ORDERED that:

**1. Amount of Restitution**

Steven Lacaj, the defendant, shall pay restitution in the total amount of $46,000,000, pursuant to 18 U.S.C. § 3663 to the victims of the offenses charged in Counts One and Four. The victims of the offenses charged in Counts One and Four are, specifically: (1) $33.2 million in loss attributable to the nine StraightPath funds: SP Ventures Fund LLC, SP Ventures Fund 2 LLC, SP Ventures Fund 3 LLC, SP Ventures Fund 4 LLC, SP Ventures Fund 5 LLC, SP Ventures Fund 6 LLC, SP Ventures Fund 7 LLC, SP Ventures Fund 8 LLC, and SP Ventures Fund 9 LLC (collectively, the "StraightPath Fund Victims"); (2) $12.8 million in loss attributable to the five Legend funds: Legend Ventures Fund 1 LLC, Legend Ventures Fund 2 LLC, Legend Ventures Fund 3 LLC, Legend Ventures Fund 4 LLC, and Legend Ventures Fund 5 LLC (collectively, the "Legend Fund Victims"); (3) in addition, and in the alternative to the StraightPath Fund Victims, the 2,419 investors in the StraightPath Fund Victims (collectively, the "StraightPath Investor

Victims"), as maintained by anonymized investor number by Melanie L. Cyganowski, the Receiver for the StraightPath Fund Victims (the "Receiver") appointed by the Court in *SEC v. StraightPath Venture Partners LLC*, 22 Civ. 3897 (LAK) (June 14, 2022 S.D.N.Y.), Dkt. 56, as well as the 330 investors in the Legend Fund Victims (collectively, the "Legend Investor Victims"), as maintained by anonymized investor number by the Receiver, who was also appointed the Receiver for the Legend Fund Victims by the Court in *SEC v. Legend Venture Partners LLC*, 23 Civ. 5326 (LAK) (July 7, 2023 S.D.N.Y.), Dkt. 33.

Based on the record in this case, the Court finds that the total loss to the nine StraightPath Fund Victims cannot reasonably be disaggregated on a fund-by-fund basis, and that the collective loss of $33.2 million is a reasonable estimate of actual loss to the StraightPath Fund Victims as a group, which are now in the control of the Receiver; $33.2 million is therefore the specific amount owed to the StraightPath Fund Victims; similarly the Court finds that the total loss to the five Legend Fund Victims cannot reasonably be disaggregated on a fund-by-fund basis, and that the collective loss of $12.8 million is a reasonable estimate of actual loss to the Legend Fund Victims as a group, which are now in the control of the Receiver; $12.8 million is therefore the specific amount owed to the StraightPath Fund Victims. *See United States v. Velissaris*, No. 22CR105 (DLC), 2023 WL 4702049, at *7 (S.D.N.Y. July 24, 2023), *aff'd*, No. 23-6379-CR, 2024 WL 4502001 (2d Cir. Oct. 16, 2024); *United States v. Ben Zvi*, 242 F.3d 89, 100 (2d Cir. 2001).

**A. Joint and Several Liability**

Restitution is joint and several with the following defendants in the following cases: (1) in the full restitution amount of $46 million, with Mario Gogliormella, and Karim Ibrahim, a/k/a "Chris Hayes," in 24 Cr. 362 (VSB); (2) in the amount of the $33.2 million payable to the StraightPath Fund Victims, with Michael Castillero, Francine Lanaia, and Brian Martinsen in *United States v. Castillero*, 23 Cr. 622 (JMF), and Mark Lisser in *United States v. Lisser*, 24 Cr.

341 (RMB). The defendant's liability to pay restitution shall continue unabated until either the defendant has paid the full amount of restitution ordered herein, or every victim in Schedule A has recovered the total amount of each loss from the restitution paid by the defendant and all co-defendants ordered to pay the same victims.

**B. Apportionment Among Victims**

Pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid. Restitution shall be paid to the victim(s) identified in the Schedule of Victims, attached hereto as Schedule A. Restitution will be distributed pro rata in the first instance between the StraightPath Fund Victims and the Legend Fund Victims.

To avoid inequities in the repayment to the StraightPath and Legend Investor Victims that could be caused due to inconsistences with the parallel civil proceedings resulting in the liquidation of the StraightPath and Legend Fund Victims, the Court directs that all restitution payments will be distributed by the Clerk of the Court to the Receiver to be held in escrow for the benefit of the StraightPath and Legend Fund Victims and Straight Path Investor Victims and the Legend Investor Victims, not as property of the Receiverships but to be held in a separate interest-bearing escrow accounts with their own EIN for tax purposes entitled: (1) "Restitution Escrow Fund Account for the benefit of StraightPath Investors" (the "StraightPath Restitution Escrow Account"), which the Receiver will distribute to the StraightPath Investor Victims as if property of the Receivership pursuant to the terms of the Receiver's Plan of Distribution (the "StraightPath Plan"), 22 Civ. 3897, Dkt. 305-1; *accord Velissaris*, No. 22CR105 (DLC), 2023 WL 4702049, at *7; and (2) "Restitution Escrow Fund Account for the benefit of Legend Investors" (the "Legend Restitution Escrow Account" and with the StraightPath Restitution Escrow Account, the "Restitution Escrow Accounts"), which the Receiver will distribute to the Legend Investor Victims as if property of the

Receivership pursuant to the terms of the Receiver's Plan of Distribution (the "Legend Plan"), 23 Civ. 5326, Dkt. 180-1; *accord Velissaris*, No. 22CR105 (DLC), 2023 WL 4702049, at *7.[1]

Given their culpability in the offense conduct, and consistent with the terms of the StraightPath Plan, restitution payments to any "SP Agent," as that term is defined in the StraightPath Plan, are subordinated and no SP agent will receive any restitution payment until every other StraightPath Investor Victim has been fully paid. Given their culpability in the offense conduct, and consistent with the terms of the Legend Plan, restitution payments to any "Legend Agent," as that term is defined in the Legend Plan, are subordinated and no Legend agent will receive any restitution payment until every other Legend Investor Victim has been fully paid.

The Receiver, acting on behalf of the Straight Path Fund Victims and the Legend Fund Victims, may deduct reasonable reserves for the payment of taxes and administrative costs, even though that deduction may reduce the total amount paid to Investor Victims. These reasonable reserves and payments include: tax reserves, and if required, tax payments, in each case arising from or relating to remittance of restitution funds to the Restitution Escrow Accounts and the maintenance and/or management of the Restitution Escrow Accounts ("Account Maintenance"), and (ii) the administrative costs incurred by the Receiver arising from or relating to Account Maintenance and/or the Restitution Distribution, including, without limitation, reasonable fees of the Receiver's professional advisors as approved by the Receivership Court. The Receiver should use good faith efforts to distribute restitution funds to the Investor Victims, subject to applicable

[1] Further authority to order funds to be paid to the Receiver in escrow for the Victims can be found at 18 U.S.C. § 3664(m)(1)(A)(ii), which permits the order of restitution to be enforced by all available and reasonable means, and at 18 U.S.C. § 3613(c) & (f), which states that a judgment imposing restitution creates a lien in favor of the United States akin to a federal tax lien, which, in turn can be enforced by a court-appointed receiver, *see* 26 U.S.C. §§ 7402(a), 7403(d).

tax laws, including, without limitation, any requirement for submission by StraightPath and Legend investors to the Receiver of properly completed IRS Tax Form W-8 and/or W-9; and accurate and current contact information for any StraightPath investor who is entitled to restitution.

Any amounts distributed by the Receiver to Investor Victims resulting from the sale of the Surplus Shares, as that term is defined in the StraightPath Plan and the Legend Plan, will be credited to the defendant's restitution total pursuant to 18 U.S.C. § 3664(j)(2). The defendant can apply to the Court for an appropriate credit.

The Receiver may petition the Money Laundering and Asset Recovery Section of the Department of Justice's Criminal Division ("MLARS") to seek remission of the forfeited funds to the Receiver on behalf of the Investor Victims and to distribute any forfeited funds thereby obtained to the Investor Victims, and nothing herein shall in any way limit the Receiver's rights to take all steps required to seek such relief and to distribute any forfeited funds recovered accordingly.

**2. <u>Schedule of Payments</u>**

Pursuant to 18 U.S.C. § 3664(f)(2) (incorporating § 3572), in consideration of the financial resources and other assets of the defendant, including whether any of these assets are jointly controlled; projected earnings and other income of the defendant; and any financial obligations of the defendant; including obligations to dependents, the defendant shall pay restitution in the manner and according to the schedule that follows: The total amount of restitution is due immediately; however, in the interest of justice, restitution will be payable in installments pursuant to 18 U.S.C. § 3572(d)(1) and (2).

The defendant will commence monthly installment payments of at least 15% percent of the defendant's gross income, payable on the first of each month, except that while the defendant

serves a term of imprisonment, the required installment payments may be made through the Bureau of Prisons' (BOP) Inmate Financial Responsibility Program (IFRP), subject to 18 U.S.C. § 3664(n), and if the defendant does not participate in the IFRP, his monthly payments while serving his term of imprisonment shall be at least 15% percent of the defendant's gross income, payable on the first of each month. On the day the defendant is released from any term of imprisonment, the defendant's payments will be deferred for 60 days.

This schedule is without prejudice to the Government taking enforcement actions, pursuant to 18 U.S.C. §§ 3613 and 3664(m)(1)(A), to the extent warranted.

**3. Payment Instructions**

The defendant shall make restitution payments by certified check, money order, or online. Instructions for online criminal debt payments are available on the Clerk of Court's website at https://nysd.uscourts.gov/payment-information#PaymentofCriminalDebt. Checks and money orders shall be made payable to the "SDNY Clerk of Court" and mailed or delivered to: United States Courthouse, 500 Pearl Street, New York, New York 10007 - Attention: Cashier, as required by 18 U.S.C. § 3611. The defendant shall write his/her name and the docket number of this case on each check or money order.

**4. Change in Circumstances**

The defendant shall notify, within 30 days, the Clerk of Court, the United States Probation Office (during any period of probation or supervised release), and the United States Attorney's Office, 86 Chambers Street, 3rd Floor, New York, New York 10007 (Attn: Financial Litigation Program) of (1) any change of the defendant's name, residence, or mailing address or (2) any material change in the defendant's financial resources that affects the defendant's ability to pay restitution in accordance with 18 U.S.C. § 3664(k).

**5. Term of Liability**

The defendant's liability to pay restitution shall terminate on the date that is the later of 20 years from the entry of judgment or 20 years after the defendant's release from imprisonment, as provided in 18 U.S.C. § 3613(b). Subject to the time limitations in the preceding sentence, in the event of the death of the defendant, the defendant's estate will be held responsible for any unpaid balance of the restitution amount, and any lien filed pursuant to 18 U.S.C. § 3613(c) shall continue until the estate receives a written release of that liability.

AGREED AND CONSENTED TO:

JAMES M. MCDONALD
United States Attorney for the
Southern District of New York

By: Matthew Shahabian
Matthew R. Shahabian
26 Federal Plaza
New York, NY 10278
Tel.: (212) 637-1046

10/6/2026
DATE

STEVEN LACAJ

By: ______________________
Steven Lacaj

10/6/26
DATE

By: /s/Scott Leemon
Scott E. Leemon, Esq.
Attorney for Defendant
41 Madison Avenue, 31st Fl
New York, New York 10010

October 6, 2026
DATE

SO ORDERED:

Vernon Broderick
HONORABLE VERNON S. BRODERICK
UNITED STATES DISTRICT JUDGE

10/08/2026
DATE